UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JUNE LISTI,
a citizen and resident of California,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JUNE LISTI, a citizen and resident of the State of California, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff JUNE LISTI is sui juris and is a resident and citizen of the State of California.

3. Defendant CARNIVAL CORPORATION is a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (CARNIVAL) with its principal place of business in Miami, Miami-Dade County, Florida. CARNIVAL is therefore a citizen both of Panama and of Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. The Plaintiff is a citizen and resident of the State of California, while the Defendant is deemed a citizen of Florida and of Panama for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases. The damages and injuries alleged in Paragraphs 13 and 15, including a left femur fracture, support an award of damages in excess of $75,000.00.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendant a timely written notice of claim on April 30, 2019 as required by the ticket contract, a copy of which is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "SPLENDOR."

11. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the "SPLENDOR."

12. At all material times, including the injury date of April 7, 2019, the Plaintiff was a fare paying passenger aboard the "SPLENDOR" and in that capacity was lawfully present aboard the vessel.

13. On April 7, 2019, while the Plaintiff was aboard the "SPLENDOR" as a fare paying passenger, she was entering a restroom adjacent to the casino on Deck 5 when she slipped on a wet or slippery transient foreign substance. The Plaintiff thereby slipped, fell and sustained serious injuries, including a fractured left femur.

14. At all material times, the Defendant had actual and/or constructive notice of the dangerous condition described above, due to the length of time the wet, slippery condition had been present before the Plaintiff slipped on it and fell, the Defendant's inspection schedule and cleaning policies for the restroom in question, the recurring nature of the condition, prior similar incidents, the high traffic nature of the restroom entrance, or otherwise.

15. As a direct and proximate result of the fall described in Paragraph 13, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a left femur fracture, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions.

Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries.  The future medical and health care expenses are reasonably certain to occur.  The Plaintiff has also suffered lost wages and benefits in the past and a loss of future earning capacity.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel in a reasonably safe condition.

18. At all material times Defendant CARNIVAL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "SPLENDOR" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

19. At all material times there existed a dangerous condition on the floor by the entrance to the restrooms on Deck 5 of the vessel, adjacent to the casino, to-wit: a wet or slippery transient foreign substance on the floor.

20. At all material times, CARNIVAL, through its crewmembers acting in the course and scope of their employment with CARNIVAL, had actual or constructive notice of the dangerous condition referenced above for the reasons alleged in Paragraph 14 above.

21.     Notwithstanding the actual or constructive knowledge of CARNIVAL and its crewmembers alleged above, CARNIVAL crewmembers on board the "SPLENDOR" responsible for maintenance of the vessel failed to detect or correct the hazardous condition before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

22.     The specific acts of negligence of CARNIVAL crewmembers, for which CARNIVAL is vicariously liable as alleged above, include: a) failure to conduct sufficiently frequent or timely inspections of the Deck 5 restrooms and restroom entrance in order to detect hazardous conditions such as the wet, slippery floor present at the time Plaintiff slipped and fell; b) failure to maintain the restroom and restroom entrances in a reasonably safe condition; c) failure to clean and dry the restroom and restroom entrance in a timely manner; d) failure to correct the dangerous condition in a timely manner; and e) failure to cordon off the dangerous area pending cleaning and drying of the floor.  Since these acts and omissions are acts and omissions of Carnival crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, Carnival is vicariously liable for these negligent acts and omissions by its crewmembers.

23.     As a direct and proximate result of the negligence of CARNIVAL crewmembers described above, for which CARNIVAL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

24. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

25. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn passengers including the Plaintiff of onboard dangerous conditions of which it has actual or constructive notice.

26. At all material times Defendant CARNIVAL was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "SPLENDOR" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

27. At all material times there existed a dangerous condition on the floor by the entrance to the restrooms on Deck 5 of the vessel, adjacent to the casino, to-wit: a wet or slippery transient substance on the floor.

28. At all material times, CARNIVAL through its crewmembers acting in the course and scope of their employment with CARNIVAL, had actual or constructive notice of the dangerous condition referenced above for the reasons alleged in Paragraph 14 above.

29. Notwithstanding the actual or constructive knowledge of CARNIVAL and its crewmembers alleged above, CARNIVAL crewmembers on board the "SPLENDOR" responsible for maintenance of the vessel failed to warn passengers including the Plaintiff of the hazardous condition before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

30. The specific acts of negligence of CARNIVAL crewmembers, for which CARNIVAL is vicariously liable as alleged above, include failure to warn passengers including the Plaintiff of the dangerous condition through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise.  Since these acts and omissions are acts and omissions of CARNIVAL crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, CARNIVAL is vicariously liable for these negligent acts and omissions by its crewmembers.

31. As a direct and proximate result of the negligence of CARNIVAL crewmembers described above, for which CARNIVAL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – VICARIOUS LIABILITY FOR NEGLIGENT MAINTENANCE BY CREWMEMBERS

32. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

33. At all material times the crewmembers and housekeeping personnel onboard the "SPLENDOR" responsible for inspection and cleaning of onboard restrooms owed fare paying passengers onboard the "SPLENDOR," including the Plaintiff, a duty of reasonable care for her safety, including a duty to inspect and clean the onboard restrooms in a timely and competent manner and to maintain those restrooms in a condition reasonably safe for passenger use.

34. At all material times Defendant CARNIVAL was vicariously liable for any negligence or failure to exercise reasonable care in inspection, cleaning and maintenance of onboard restrooms on the "SPLENDOR" by its crewmembers and housekeeping personnel as referenced in the preceding paragraph.

35. At all material times there existed a dangerous condition on the floor by the entrance to the restrooms on Deck 5 of the vessel, adjacent to the casino, to-wit: a wet or slippery transient foreign substance on the floor.

36. At all material times, the crewmembers and housekeeping personnel onboard the "SPLENDOR" breached their duty of reasonable care in inspecting, cleaning and maintaining the onboard restrooms.

37. The specific acts of negligence of the CARNIVAL crewmembers and housekeeping staff referenced in Paragraph 33, for which Defendant CARNIVAL is vicariously liable as alleged above, include: a) failure to conduct sufficiently frequent or timely inspections of the Deck 5 restrooms and restroom entrance in order to detect hazardous conditions such as the wet, slippery floor present at the time Plaintiff slipped and fell; b) failure to maintain the restroom and restroom entrances in a reasonably safe condition; c) failure to clean and dry the restroom and restroom entrance in a timely manner; d) failure to correct the dangerous condition in a timely manner; and e) failure to cordon off the dangerous area pending cleaning and drying of the floor.

38. As a direct and proximate result of the negligence of CARNIVAL crewmembers and housekeeping staff described above, for which CARNIVAL is vicariously liable as alleged

above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT IV – VICARIOUS LIABILITY FOR NEGLIGENT FAILURE TO WARN OF HAZARD BY CREWMEMBERS

39. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

40. At all material times the crewmembers and housekeeping personnel onboard the "SPLENDOR" responsible for inspection and cleaning of onboard restrooms owed fare paying passengers onboard the "SPLENDOR," including the Plaintiff, a duty of reasonable care for her safety, including a duty to warn passengers including the Plaintiff adequately of any dangerous conditions in the onboard restrooms of which they knew or should have known in the exercise of reasonable care.

41. At all material times Defendant CARNIVAL was vicariously liable for any negligence or failure to exercise reasonable care in warning passengers on the "SPLENDOR" regarding dangerous conditions in the onboard restrooms by its crewmembers and housekeeping personnel as referenced in the preceding paragraph.

42. At all material times there existed a dangerous condition on the floor by the entrance to the restrooms on Deck 5 of the vessel, adjacent to the casino, to-wit: a wet or slippery transient foreign substance on the floor.

43. At all material times, the crewmembers and housekeeping personnel onboard the "SPLENDOR" knew or should have known of the dangerous condition of the restroom adjacent to the casino on Deck 5 for the reasons alleged in Paragraph 14 above.

44. Notwithstanding their actual or constructive knowledge as alleged in the preceding paragraph, the crewmembers and housekeeping personnel onboard the "SPLENDOR" failed to warn passengers including the Plaintiff of the hazardous condition of the restroom floor before the Plaintiff slipped and fell as alleged in Paragraph 13 above and were thereby negligent.

45. The specific acts of negligence of the CARNIVAL crewmembers and housekeeping personnel referenced above, for which CARNIVAL is vicariously liable as alleged above, include failure to warn passengers including the Plaintiff of the dangerous condition through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise.

46. As a direct and proximate result of the negligence of CARNIVAL crewmembers and housekeeping personnel described above, for which CARNIVAL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 29th day of September, 2021.

*s/David Markel*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749
*Attorneys for Plaintiff*
